[DO NOT PUBLISH]

UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 7, 2012
JOHN LEY
CLERK

No. 11-12696
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-00012-WSD-ECS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHANDY COLON, a.k.a. Richard John
Betancourt,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 7, 2012)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Johandy Colon appeals his total 70-month sentence for illegal reentry of an alien deported after an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2); false representation of U.S. citizenship, in violation of 18 U.S.C. § 911; and making false statements in the application for and use of a passport, in violation of 18 U.S.C. § 1542. On appeal, Defendant Colon argues his 70-month sentence is procedurally and substantively unreasonable. After review, we affirm.

We review the reasonableness of a sentence for abuse of discretion using a two-step process. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). We look first at whether the district court committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to explain adequately the chosen sentence. Id.

Then, we examine whether the sentence is substantively unreasonable under the totality of the circumstances. Id. Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect such a sentence to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). The defendant bears the burden to show his sentence is unreasonable in

2

light of the record and the § 3553(a) factors.[1]  United States v. Thomas, 446 F.3d

1348, 1351 (11th Cir. 2006).

Here, Defendant Colon has not shown his sentence is procedurally

unreasonable.  Contrary to Colon's contentions, the district court did not

mistakenly believe it lacked discretion to consider Colon's cultural assimilation as

the basis for a variance under § 3553(a).

At sentencing, the district court concluded that Colon was ineligible for a

cultural assimilation downward departure under U.S.S.G. § 2L1.2.[2]  After

considering the § 3553(a) factors, however, the district court explicitly stated that

_____

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

[2]Under the commentary to U.S.S.G. § 2L1.2, a district court may grant a downward departure based on cultural assimilation, but "only in cases where . . . the defendant formed cultural ties primarily with the United States" because of his continual residence here since childhood, those cultural ties were the "primary motivation" for the defendant's illegal reentry and the departure is unlikely "to increase the risk to the public from further crimes of the defendant."  U.S.S.G. § 2L1.2, cmt. n.8.  Among the factors the district considers in deciding whether to depart is the defendant's criminal history and whether the defendant has engaged in criminal activity since illegally reentering the United States.  Id.
Here, the district court denied Colon a downward departure because his criminal history showed a risk of future crimes and his primary motivation for returning was his desire to be a father to his children.  On appeal, Colon does not challenge the district court's denial of his request for a downward departure.

3

it had "thought in considering those factors about your cultural assimilation," and "although I find that there is no grounds to provide a downward departure, I have considered that, and still am compelled [sic] that this [70-month sentence] is a fair and reasonable sentence."

The record clearly demonstrates that the district court not only understood that it could consider Colon's cultural assimilation under § 3553(a), but that the district court in fact did consider it. In weighing Colon's cultural assimilation against the other factors, however, the district court concluded that Colon's assimilation did not warrant a sentence below the advisory guidelines range.

Defendant Colon also has not shown that his 70-month sentence, at the low end of the advisory guidelines range of 70 to 87 months, was substantively unreasonable. Colon's criminal history includes a 1996 state conviction for criminal possession of a firearm, a 2001 conviction for attempted criminal possession with the intent to sell cocaine and 2006 convictions for criminal possession of marijuana and criminal possession of a loaded firearm. In 2007, Colon was convicted in federal court of possession of a firearm by a convicted felon. After completing his 30-month sentence, Colon was removed to the Dominican Republic on August 24, 2010.

Less than four months later, on December 16, 2010, Colon flew from the Dominican Republic to Hartsfield-Jackson International Airport in Atlanta, Georgia. At customs, Colon presented a U.S. passport in the name of Richard John Betancourt, who was represented to be a U.S. citizen. At the time, Colon was still on supervised release for the federal firearm conviction.

Colon was born in the Dominican Republic and moved to the United States with his family when he was nine years old. Presently, Colon's parents, siblings, fiancée and two children all live in the United States. According to Colon, after being deported to the Dominican Republic, he could not find a job and missed his children. At sentencing, Colon admitted that "the motivation that brought [him] back here was [his] kids" and that he returned "to be a father to them."

The district court explained that a below-guidelines sentence was not appropriate in Colon's case because: (1) Colon's criminal history was "to some extent escalating" and his prior, shorter sentences had not deterred him; (2) he was likely to decide it was "worth the risk" to return to the United States given his description of life in the Dominican Republic; and (3) he committed the instant offenses while on supervised release. The district court concluded that a 70-month sentence was needed to deter Colon, promote respect for the law and protect the public.

Defendant Colon argues that the district court gave too much weight to the need for public protection and deterrence and not enough to Colon's cultural assimilation. This argument essentially asks us to reweigh the relevant § 3553(a) factors, which we do not do. See United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009). Under the circumstances, Colon has not shown that the district court's refusal to vary downward based on cultural assimilation was an abuse of discretion.

Defendant Colon's claim that his sentence results in an unwarranted disparity also lacks merit. Defendant Colon cannot show an unwarranted disparity merely by referencing the mean and median sentences in illegal reentry cases. To be unwarranted, the disparity must be between similarly situated defendants with similar records. See United States v. Spoerke, 568 F.3d 1236, 1252 (11th Cir. 2009). As the district court pointed out, with a criminal history category of V, Defendant Colon was not a typical illegal reentry defendant.

**AFFIRMED.**